**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

701 Fifth Avenue
Suite 5100
Seattle, Washington 98104-7036
O: 206.883.2500
F: 866.974.7329

February 9, 2026

U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

  Re: *Google LLC v. Sobel, Weber Associates, Inc. et al.*, No. 1:26-mc-00056

Your Honor:

  Movant Google LLC ("Google") respectfully submits this letter-motion pursuant to Local Civil Rule 37.2 and Federal Rule of Civil Procedure 45(d)(2)(B)(i) to request a pre-motion discovery conference. Google seeks to compel responses to two non-party subpoenas it served on Respondents Union Literary, LLC ("Union Literary") and Sobel, Weber Associates, Inc. ("Sobel Weber"), in connection with the underlying copyright infringement litigation *In re Google Generative AI Copyright Litigation*, No. 23-cv-03440-EKL (N.D. Cal.) (the "Underlying Case"). Respondents are literary agents who almost certainly possess documents concerning licensing, marketing, and royalties for copyrighted works that lie at the center of the Underlying Case. With discovery in the Underlying Case closing on February 13, 2026, the Court should compel prompt responses for two reasons: (1) Respondents waived any objections to Google's subpoenas; and (2) the discovery sought is indisputably relevant and neither burdensome nor overbroad.

  **Background.** Plaintiffs in the Underlying Litigation[1] are putative class representatives who have asserted copyright infringement claims related to Google's allegedly improper use of copyrighted works to train generative artificial intelligence ("AI") models. *See generally* Compl., N.D. Cal. ECF 234. Discovery has already shown, however, that Plaintiffs' claims fail because, *inter alia*, Plaintiffs broadly licensed Google to use their works by uploading them to Google services and authorizing others to do so. *See, e.g.*, Auster Decl., N.D. Cal. ECF 286 ¶¶ 38-43, 58, 65, 77-85, 103-107. By way of example, countless authors, agents and publishers who enter versions of the Google Play Books Agreement, grant Google the right to "copy, reproduce, display, perform, adapt, use, communicate and make ... available," "as part of and/or through the Google Services (or any of them)," "all content contained within" the "literary works." Google's subpoenas seek information from Plaintiffs' agents concerning these sorts of license grants, as well as other core issues including any hypothetical claim for damages based on lost revenue. *See, e.g.*, Decl. of Nicholas R. Sidney ("Sidney Decl.") Exs. B, D. Google made extensive efforts to obtain this discovery directly from Plaintiffs, including filing a successful motion to compel production in the Underlying Case. Magistrate Judge van Keulen ordered Plaintiffs to commence

---

[1] Plaintiffs are Steve Almond, Sarah Andersen, Burl Barer, Jessica Fink, Hope Larson, Jill Leovy, Connie McLennan, and Jingna Zhang.

WILSON
SONSINI
February 9, 2026

rolling productions of the documents they possessed or controlled back in July 2025, *see* Order, N.D. Cal. ECF 172 at 3, but the judge observed that "[Google], of course, do[es] still have subpoena power" to use against Plaintiffs' agents should that be necessary, N.D. Cal. ECF 178 at 36:17-18. Since that Order, Plaintiffs produced *just four* documents total that they attribute to these agents. Google repeatedly requested explanations from Plaintiffs regarding the paucity of their production and the efforts they undertook to obtain documents from their agents, but Plaintiffs maintained that they produced all they had. Given the imminent February 13 discovery cutoff, and the apparent deficiencies in Plaintiffs' agent productions, Google invoked the subpoena process that Judge Van Keulen referenced. Respondents have unfortunately failed to comply:

*Union Literary* represented Plaintiff Steve Almond in connection with two works at issue. Google served Union Literary on January 20, 2026. Sidney Decl., Exs. B (subpoena), C (affidavit of service). The return date was January 30, 2026. Union Literary never served written objections. On February 3, it offered to make responsive documents available for copying, but the next day its counsel contacted Google stating she would revert in short order with Union Literary's "position." Union Literary has since gone silent and has produced nothing.

*Sobel Weber* is Plaintiff Almond's literary agent with respect to one work at issue. Google subpoenaed Sobel Weber on January 5, 2026. Sidney Decl., Exs. D (subpoena), E (affidavit of service). The return date was January 13, 2026. Sobel Weber did not serve written objections. Instead, it requested and obtained an extension of the response deadline to January 20, but then still failed entirely to respond. Sobel Weber has since rebuffed repeated requests to confer on the substance of the subpoena, and has produced nothing.

On January 20, 2026, *Plaintiffs* in the Underlying Case filed a procedurally improper and meritless Motion to Quash Google's subpoenas, apparently hoping to run out the discovery clock before Google could obtain the requested information. *See Almond et al. v. Google LLC*, No. 1:26-mc-00029-JLR (S.D.N.Y.), ECF 7, 11. Neither Respondent joined that motion. Google opposed and the motion remains pending before Judge Rochon. No stay of compliance for Respondents was sought.

**Argument.** The Court should compel prompt and complete productions in response to Google's subpoenas. Respondents waived all objections by failing to assert them, and any objections they might belatedly attempt to raise would be meritless in any event.

Under Rule 45, a subpoena recipient must lodge objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failure to serve timely written objections or to move to quash ordinarily waives any objection. *Preston Hollow Capital LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. Feb. 24, 2023). Respondents here failed to serve any written objections—despite multiple opportunities and without justification. On that basis alone, the Court should compel Union Literary and Sobel Weber to produce all responsive documents. *See Freeman v. Giuliani*, 2024 WL 5054913, at *3 (S.D.N.Y. Dec. 10, 2024) (compelling production where non-parties "had the Subpoenas for over three weeks," did "nothing to respond," and "waived all objections").

**WILSON SONSINI**
February 9, 2026

  Waiver aside, Respondents have no legitimate grounds to resist production. The Court presiding over the Underlying Case has already determined that the categories of documents Google seeks are relevant and discoverable. *See* Order, N.D. Cal. ECF 172 at 3.  Neither Respondent has identified—let alone supported with evidence—any claim that the subpoenas are duplicative or unduly burdensome. *See Eletson Holdings Inc. v. Levona Holdings, Ltd.*, 2025 WL 1335511, at *2 (S.D.N.Y. May 7, 2025) (subpoena recipient must establish undue burden "through competent evidence," and conclusory assertions of burden are "entitled to no weight whatsoever"). Google tried to avoid burdening Respondents by first seeking, and then moving to compel, production from Plaintiffs. Plaintiffs' initial claim that they lacked control over their agents and their subsequent production of only four documents from them, left Google no choice but to subpoena the Respondents directly. Finally, any overbreadth objection fails where Plaintiffs assert sweeping claims of harm to their entire "portfolio" of works and seek classwide damages for all such works. *Almond*, No. 1:26-mc-00029-JLR (Jan. 28, 2026), ECF 11 at 3 (quoting N.D. Cal. ECF 234 ¶ 29).[2]

  To the extent Respondents contend that their Rule 45 obligations are suspended pending resolution of Plaintiffs' Motion to Quash, that position is incorrect. *See United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("Where [a party] has not made (much less won) a motion to quash or for a protective order, the [non-party] subpoena, if otherwise enforceable, remains so, and the non-party ignores its dictates at some peril, including a risk of contempt."). As the subpoena recipients, Respondents bore the responsibility to object or move to quash. *See G & G Closed Circuit Events, LLC v. Perez*, 2022 WL 1185748, at *1 (S.D.N.Y. Apr. 21, 2022) ("As a general matter," and subject to narrow exceptions, "only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena."). They chose not to do so and cannot now rely on a makeweight motion filed by Plaintiffs—who are neither subpoena recipients nor possess standing to quash. *See Langford v.Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *Almond*, No. 1:26-mc-00029-JLR (Jan. 28, 2026), ECF 11 at 2-3 (explaining why Plaintiffs lack standing).

  For the foregoing reasons, Google respectfully requests that the Court hold a pre-motion discovery conference and order Respondents to produce all responsive, non-privileged documents forthwith.

            Respectfully submitted,

            */s/ Nicholas R. Sidney* (*pro hac vice* forthcoming)
            WILSON SONSINI GOODRICH & ROSATI, P.C.
            *Attorneys for Google LLC*

---

[2] Google is willing to work cooperatively with Respondents to address any legitimate burden concerns, but Respondents have either ignored Google's attempts to meet and confer or resisted doing so based on Plaintiffs' pending Motion to Quash.